**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:12-CR-00251-DDN-CEJ |
| | ) | |
| JOHN BAILEY, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF THE DEFENDANT REGARDING PRESENTENCE REPORT

Comes now Bradford Kessler, attorney for Defendant, and notifies this Honorable Court that Defendant objects to Paragraphs 29, 34, 38, and 87 of the Presentence Report for the reason that the above paragraphs adopt a six-level enhancement under U.S.S.G. § 2S1.1(b)1, instead of the agreed-upon two-level enhancement under U.S.S.G. § 2S1.3(b)1, as contained in the plea agreement.

Although the Court is not a party to any plea agreement, the agreement was negotiated between the parties in an effort to accurately account for Defendant's participation in the charged conduct, to equitably resolve that participation, and to avoid the need for a trial and subsequent use of judicial resources. The difference of four levels of enhancement between U.S.S.G. § 2S1.1(b)1 and U.S.S.G. § 2S1.3(b)1 is an increase of between thirty-eight to forty-seven months of incarceration at Criminal History Category VI.

Although the Government has advised the Presentence Report writer that it considers Defendant and his co-defendant equally culpable in Paragraph 21 of the Presentence Report, the reality is that Defendant laundered less than ten-percent of the stipulated amount of $400,455.00,

has been deemed to be responsible by agreement in making restitution in the amount of only $30,978.00, was not in possession of the vast bulk of steroids purchased or seized, and was not the owner of the BMW or the $6,482.00 seized from the co-Defendant.

Regardless of Defendant's relative position in the conspiracy, he nevertheless agreed with the Government to accept responsibility for the entire $400,455.00 and its resultant increase of fourteen levels. In addition to that increase, he also agreed, as did the Government, to only a two-level enhancement under U.S.S.G. § 2S1.3(b)1.

As always, Defendant's criminal history was not a part of any plea agreement, but rather left to the determination of the United States Office of Probation and Parole. Said determination resulted in an increase in the agreed upon base offense level from twenty-two to twenty-four, as contained in Paragraph 35 of the Presentence Report, as well as a finding that Defendant is a career offender, placing him in Criminal History Category VI.

Therefore, Defendant respectfully requests this Honorable Court to take into consideration the agreed upon enhancement of two levels under U.S.S.G. § 2S1.3(b)1 rather than the determination of what may very well be a six-level guideline enhancement under U.S.S.G. § 2S1.1(b)1. But for the four-level difference between U.S.S.G. § 2S1.1(b)1 and U.S.S.G. § 2S1.3(b)1, Defendant would be looking at a Total Offense Level of twenty-three, placing his sentence at between ninety-two and one hundred fifteen months, as contained in Paragraph 89 of the Presentence Report.

Defendant further states that he will rely on the factors outlined in Paragraph 110 of the Presentence Report as factors that may warrant a variance and imposition of a guideline sentence under 18 § U.S.C. 3553(a)(1).

Dated: November 28, 2012

Respectfully submitted,

/s/ Bradford Kessler
Bradford Kessler, #31280MO
1520 Washington Avenue, Suite 226
St. Louis, Missouri 63103
Phone: (314) 863-6363
Fax:    (314) 727-2869

*Attorney for Defendant John Bailey*

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Assistant United States Attorney this 28th day of November, 2012.

                                /s/ Bradford Kessler
                                Bradford Kessler