IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
         PLAINTIFF,            )
                               )
                               )
             vs.               ) Case No. 4:12-CR-251-CEJ
                               )
STEVEN CAMPBELL,               )
                               )
         DEFENDANT.            )
-----------------------------------

BEFORE THE HONORABLE CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE
SENTENCING HEARING
DECEMBER 18, 2012

COURT REPORTER:    GARY BOND, RMR, RPR
                   THOMAS F. EAGLETON COURTHOUSE
                   111 S. TENTH STREET, THIRD FLOOR
                   ST. LOUIS, MISSOURI 63102
                   314.244.7980

```
 1                        APPEARANCES
 2
 3
 4   FOR THE PLAINTIFF:
 5                   U.S. ATTORNEY'S OFFICE
                     BY:  JENNIFER WINFIELD, ESQ.
 6                   101 S. 10TH STREET, SUITE 2000
                     ST. LOUIS, MISSOURI  63102
 7                   314.539.2200
 8
 9   FOR THE DEFENDANT:
10                   BECKER & DUFOUR
                     BY:  TOM YARBROUGH, ESQ.
11                   8011 CLAYTON ROAD
                     THIRD FLOOR
12                   ST. LOUIS, MISSOURI  63117
                     314.727.7100
13                   THOMAS_YARBROUGH@HOTMAIL.COM
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                    3
```

|   |   |
|---|---|
| 1 | ST. LOUIS, MISSOURI; DECEMBER 18, 2012 |
| 2 | 9:30 a.m |
| 3 | THE COURT: United States v. Steven Campbell. |
| 4 | MR. YARBROUGH: Your Honor, may we approach the |
| 5 | bench? |
| 6 | THE COURT: Yes. |
| 7 | MR. YARBROUGH: Thank you. |
| 8 | (Whereupon, a sealed sidebar conference took place.) |
| 9 | THE COURT: Mr. Campbell, have you reviewed the |
| 10 | Presentence Report with your lawyer? |
| 11 | THE DEFENDANT: Yes, I have, your Honor. |
| 12 | THE COURT: There were no objections to the report. |
| 13 | So the Court will adopt the factual statements of the report |
| 14 | as Findings of Fact. In addition to the Presentence Report, |
| 15 | I received the defendant's Sentencing Memorandum, and there |
| 16 | were some letters that were submitted to me this morning. |
| 17 | And I'm not sure what this document is. |
| 18 | THE DEFENDANT: Your Honor, those are AA signatures. |
| 19 | THE COURT: Oh, okay. All right. But there were |
| 20 | several people who wrote in support of you, Mr. Campbell. |
| 21 | Well, your lawyer brought these to me this morning. So I am |
| 22 | sure that he showed them to you already; and I also received |
| 23 | motion from the United States for downward departure. That |
| 24 | was also received this morning based on section 5(k)(1.1) of |
| 25 | the Sentencing Guidelines and 18 USC section 3553(a), which |

1  really is not applicable, because there is no mandatory
2  minimum in this case.  Mr. Yarbrough, did you receive a copy?
3              MR. YARBROUGH:  I did, Your Honor.
4              THE COURT:  Okay.  Is there anything else that
5  either of you want to say about this?  If so, I know we've
6  already had a bench conference which will be sealed.  And if
7  there's additional information that either of you feels that
8  I should know, we can take that up at the bench also.
9              THE DEFENDANT:  Your Honor, can I have a second with
10 my lawyer?
11             THE COURT:  Of course.
12      (Whereupon, an off-the-record discussion took place.)
13             THE DEFENDANT:  Okay, Your Honor.
14             THE COURT:  Oh, okay.
15             MR. YARBROUGH:  Your Honor, the only comments that I
16 had outside of the Sentencing Memorandum was just to retouch
17 on the issue of Mr. Campbell's criminal history category,
18 which is described in the PSR.  He has a criminal history
19 category of four, which we believe substantially
20 misrepresents Mr. Campbell's criminal history and character.
21             THE COURT:  You know what?  You're confusing the
22 issues.  Okay?
23             MR. YARBROUGH:  Yes, ma'am
24             THE COURT:  You can address the issue of whether you
25 believe his criminal history is overstated separately.  Right

| | |
|---|---|
| 1 | now, I'm focusing on the Motion for Downward Departure -- |
| 2 | MR. YARBROUGH: Yes, I am |
| 3 | THE COURT: -- based on Section 5(k)(1.1). So let's |
| 4 | take up one issue at a time. |
| 5 | MR. YARBROUGH: Yes, ma'am |
| 6 | THE COURT: Is there anything that you would like to |
| 7 | say with respect to the 5(k)(1.1) motion? |
| 8 | MR. YARBROUGH: No, ma'am |
| 9 | THE COURT: Okay. And Ms. Winfield, I assume you |
| 10 | put everything in with your written motion that there was? |
| 11 | MS. WINFIELD: Correct, Your Honor. |
| 12 | THE COURT: All right. Well, based on the |
| 13 | information contained in the motion, I find that there are |
| 14 | grounds for a downward departure in this case. |
| 15 | I will say this, however: While the defendant has |
| 16 | satisfied all of the requirements for being entitled to a |
| 17 | downward departure, given the information in the motion, I |
| 18 | don't believe that a significant downward departure is |
| 19 | appropriate in this case. |
| 20 | I don't have any reason to doubt what the government |
| 21 | has set forth in the motion. But it does not in my review -- |
| 22 | the extent of defendant's assistance in this case -- does not |
| 23 | in my review rise to the level of assistance that would |
| 24 | warrant a significant downward departure in this case. Okay. |
| 25 | But I will grant the Motion for Downward Departure. |

| | |
|---|---|
| 1 | Now, Mr. Yarbrough, you wanted to raise the issue of |
| 2 | the overstated criminal history? |
| 3 | MR. YARBROUGH: Just very briefly, Your Honor. I |
| 4 | just merely wanted to point out that we do not believe that |
| 5 | the criminal history level of four represents Mr. Campbell's |
| 6 | past criminal history or character. I believe that all of |
| 7 | the felony convictions and all of the criminal history that |
| 8 | he has is related to alcohol. 3 DUI's. Driving while |
| 9 | intoxicated specifically with the last offense being ten |
| 10 | years ago. I just thought that was something that was worth |
| 11 | touching on. |
| 12 | THE COURT: Well, it is certainly something that can |
| 13 | be considered under the guidelines; however, this is |
| 14 | something that you should have raised by way of an objection. |
| 15 | And you did not do that; however, I'll consider the issue now |
| 16 | that you've raised it. But in the future, don't wait until |
| 17 | the sentencing hearing to bring that up. |
| 18 | MR. YARBROUGH: Yes, ma'am |
| 19 | THE COURT: The next judge may not be so willing to |
| 20 | hear you, and that would be to your client's disadvantage. |
| 21 | MR. YARBROUGH: I very much appreciate it, Your |
| 22 | Honor. |
| 23 | THE COURT: Ms. Winfield, do you have anything you |
| 24 | want to say in response? |
| 25 | MS. WINFIELD: Your Honor, the government does not |

believe that Mr. Campbell's history is overstated.  It has been correctly assessed.  I think that Mr. Campbell's last DWI was in 2011.  Not 2011, Your Honor.  2001.  So I do agree it was over ten years ago, but I do believe that a criminal history has been assessed properly in this case.

THE COURT:  Under the Sentencing Guidelines, a downward departure may be appropriate if a defendant's criminal history category seriously overrepresents the seriousness of his criminal activity or his criminal history.

And in this case, Mr. Campbell arrived at a criminal history level four based on the criminal history points that were assessed for his misdemeanor and I believe one felony conviction.  And all of those convictions related to driving offenses; however, they also related to driving while intoxicated or while under the influence.  There were a string of these prior convictions, which suggests to me that Mr. Campbell did not take any steps to change his conduct. He continued to drink or to use alcohol and to get behind a wheel of a car, even though it had landed him in trouble many times before.

So I don't believe that a criminal history category four is inappropriate, given the fact that even though most of those are misdemeanor convictions, we all know that operating a motor vehicle while intoxicated or while under the influence can potentially be dangerous to the driver and

to anyone else who happens to be on the road at that time. And because of the persistence of Mr. Campbell's involvement in this kind of activity, I think it is appropriate that he be assessed the criminal history points for these offenses; and that he be placed in a criminal history category of four.

So, to the extent that you are objecting to the criminal history category, that objection is overruled. Now, as I said before, while I do believe that a downward departure is appropriate, this information does not warrant a significant downward departure, given the extent of the defendant's assistance as described in the motion.

I believe that a downward departure of one level would be in order in this case and would be appropriate to address the level of the assistance provided. Okay. Is there any legal reason that sentence should not be imposed at this time?

MR. YARBROUGH: No, Your Honor.

MS. WINFIELD: No, Your Honor.

THE COURT: Mr. Campbell, is there anything you'd like to say?

THE DEFENDANT: Your Honor, I'm very sorry for the offenses charged. I've struggled with alcohol all my life. And I've done -- I've kind of -- I've been sobber now for 103 days. And I'm willing to do anything to be, you know, make the best example for other people as far as a story of

```
 1   redemption and my eyes have been opened as I have been
 2   through alcohol rehab before.
 3           But I've had a sponsor this time, and I'm doing the
 4   steps.  And I'm just very sorry for everything.  It just kind
 5   of got out of hand.  And I just ask for mercy with the Court,
 6   and my dad's got lung cancer.  And I just, you know, plead
 7   for some kind of mercy with the Court and a second chance of
 8   what I did.  So that's it.
 9           THE COURT:  Thank you.  Mr. Yarbrough?
10           MR. YARBROUGH:  Nothing further, Your Honor.
11           THE COURT:  Ms. Winfield?
12           MS. WINFIELD:  Your Honor, the government has
13   already given its position regarding the downward departure
14   in this case.  Other than that, we only ask for a term of
15   imprisonment that would be appropriate for this defendant and
16   his culpability in the case.  In addition, we also ask for a
17   money judgment in the amount of $400,455, as well as the
18   $6,482 in U.S. currency; the 2008 Chrysler 300 LS, and the
19   2008 BMW 53.  That was all part of the plea agreement.
20           THE COURT:  Was there a Preliminary Order of
21   Forfeiture in this case?
22           MS. WINFIELD:  Your Honor, it should have been
23   filed.  I do not have a copy with me.  I believe there was
24   one filed in this case.
25           THE COURT:  I didn't see one.
```

| | |
|---|---|
| 1 | MS. WINFIELD: I'm sorry. But that was in |
| 2 | Mr. Campbell's plea agreement. |
| 3 | THE COURT: Yes, it's in the plea agreement, but |
| 4 | there was no Preliminary Order of Forfeiture entered. Okay. |
| 5 | Mr. Campbell, I have to determine a sentence that is |
| 6 | sufficient but not greater than necessary to address the |
| 7 | goals of the federal sentencing laws after taking into |
| 8 | consideration a number of factors. I consider the |
| 9 | seriousness of the offense or offenses, and these were very |
| 10 | serious crimes that you committed involving your possession |
| 11 | with intent to distribute anabolic steroids, which can be |
| 12 | very dangerous and the money laundering which you engaged in |
| 13 | to conceal your criminal activity. |
| 14 | The seriousness of these crimes is reflected in the |
| 15 | penalties that they carry. I also consider your history and |
| 16 | characteristics. That information is contained in the |
| 17 | Presentence Report. And additional insight into your history |
| 18 | and characteristics comes by way of the Sentencing Memorandum |
| 19 | and the letters that were written in support of you. First |
| 20 | of all, let me just say I'm very sorry about your father's |
| 21 | illness. I know that that is something that is of great |
| 22 | concern to you. |
| 23 | I am however encouraged to hear that you have been |
| 24 | able to maintain your sobriety for a little more than three |
| 25 | months now. And you did so in time when you were sure under |

great stress.  So that bodes well for your future.  I hope that you continue to participate in whatever kind of program you feel is best going to keep you on track and keep you away from alcohol.  While you are on supervised release, the Probation Office will provide whatever assistance it has available to help you address your substance abuse issues.

As I said before, I believe that a downward departure is appropriate.  I'm not aware of any reasons that would warrant a downward variance in this case, although I believe the Probation Office may have identified factors that it believes should be considered for a variance.  I have considered those factors, and I don't believe they warrant a downward variance in your case.

Having said that, it will be the Judgment of the Court that you be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 92 months on Count 1 and 92 months on Count 2.  Both terms to run concurrently. It will also be the Judgment of the Court that you forfeit to the United States the currency and the motor vehicles that are described in the plea agreement that you entered.

Following your release from prison, you'll be placed on supervised release for a period of two years on Count 1 and two years on Count 2.  Both terms to run concurrently. Within 72 hours of your release from the Bureau of Prisons' custody, you must report in person to the Probation Office in

the district to which you are released.  You'll have to follow the standard conditions of supervised release and some additional conditions.

The first is that you not use any controlled substance unlawfully; and that you submit to a drug test within the first 15 days of your supervised release term and submit to at least two drug tests after that.  You will also not be permitted to drink any alcohol or use any intoxicants while on supervised release.  As a further condition, you'll have to participate in a substance abuse treatment program approved by the Probation Office; and that program will include drug counselling and drug testing.

As a further condition, you'll have to participate in a mental health evaluation and follow any recommendations that result from that evaluation, including participation in a mental health program approved by the Probation Office.

It will also be a condition that you participate in a cognitive behavioral treatment program as directed by the Probation Office.  And finally -- I'm sorry.  Not finally -- it will also be a condition that you not purchase or maintain any post office box or private mailbox or any kind of storage locker or storage unit or facility without first receiving the written approval of the Probation Office.

Finally, you will have to submit yourself, your home, your office, and your vehicle to a search by the

```
1    Probation Office if there is reasonable suspicion that
2    contraband or evidence of a supervised release violation
3    present.  It will be your responsibility to let others know
4    that this search condition is in effect.  If there are any
5    costs associated with your compliance with these conditions
6    of supervised release, you will have to pay those costs,
7    based on the fee schedule established by the Probation
8    Office.  There will be no fine because of the defendant's
9    inability to pay; however, there is a $100 assessment for
10   each of the two counts of conviction for a total of $200.
11   The assessment is due in full today.
12              Was there a waiver of appeal?
13              MS. WINFIELD:  Yes, Your Honor.
14              THE COURT:  Mr. Campbell, if you believe your waiver
15   of appeal isn't enforceable, then you may file a Notice of
16   Appeal within 14 days of today.  If the Notice is not filed
17   on time, you may lose your right to appeal.  An attorney will
18   be appointed to represent you on appeal, and you'll be
19   allowed to file the Notice free of charge if you are
20   indigent.  It will be Mr. Yarbrough's responsibility to
21   either file the Notice of Appeal for you or to file a
22   statement that you do not wish to appeal this Judgment.
23              Do you understand your appeal rights?
24              THE DEFENDANT:  Yes, I do.
25              THE COURT:  All right.  Is there any recommendation
```

1  you'd like me to make to BOP?
2    MR. YARBROUGH: No, ma'am
3    THE COURT: Okay. All right. As I said earlier,
4  Mr. Campbell has violated the conditions of his pretrial
5  release; and I don't believe it's appropriate to continue his
6  release at this time. So the defendant will be remanded to
7  the custody of the marshals.
8    (Proceedings concluded at 10:13.)
9
10    \*   \*   \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) ss: | |
| EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION | ) | |

### C E R T I F I C A T E

      I, Gary Bond, Certified Shorthand Reporter in and for the United States District Court for the Eastern District of Missouri, do hereby certify that I was present at and reported in machine shorthand the proceedings had the 18th day of December, 2012, in the above mentioned court; and that the foregoing transcript is a true, correct, and complete transcript of my stenographic notes.

      I further certify that I am not attorney for, nor employed by, nor related to any of the parties or attorneys in this action, nor financially interested in the action.

      I further certify that this transcript contains pages 1 through 17 and that this reporter takes no responsibility for missing or damaged pages of this transcript when same transcript is copied by any party other than this reporter.

      IN WITNESS WHEREOF, I have hereunto set my hand at St. Louis, Missouri, this 20th day January, 2013.

                                /s/ Gary Bond
                                Gary Bond, RPR, RMR
                                Certified Shorthand Reporter