# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1023
_____

United States of America

*Plaintiff - Appellee*

v.

Steven C. Campbell

*Defendant - Appellant*

_____

No. 13-1069
_____

United States of America

*Plaintiff - Appellee*

v.

John Thomas Bailey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Appellate Case: 13-1023     Page: 1     Date Filed: 08/22/2014 Entry ID: 4188519

Submitted: September 27, 2013
Filed: August 22, 2014

_____

Before WOLLMAN, SMITH, and KELLY, Circuit Judges.

_____

SMITH, Circuit Judge.

Steven C. Campbell and John Thomas Bailey each pleaded guilty to conspiracy to possess with the intent to distribute anabolic steroids and conspiracy to commit money laundering. On appeal, both defendants challenge the district court's[1] application of U.S.S.G. § 2S1.1(a)(2) when calculating their offense level. Bailey also contends that the district court miscalculated his criminal history score. We affirm.

## I. *Background*

Following an extensive investigation, the government indicted Campbell and Bailey with one count of conspiracy to possess anabolic steroids with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b) and 846 ("Count 1"), and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) ("Count 2"). They each pleaded guilty to both charges.

The parties stipulated several facts pertaining to these conspiracies in their plea agreements. The parties agreed that the amount of anabolic steroids attributable to the defendants could not be calculated precisely, but it was somewhere between 1 and 2.5 kilograms. The parties also agreed that the amount of money involved in the conspiracy was no less than $400,455. Furthermore, they agreed that Campbell and Bailey entered into the conspiracy beginning in 2007.

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

Most importantly, the parties affirmatively agreed in their plea agreements that U.S.S.G. § 2S1.1(a)(2) should apply when calculating the defendants' offense levels. The plea agreements stated that "the parties also agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea." They further provided that "the *parties* recommend that the base offense level is 22 as found in Section 2S1.1(a)(2)." (Emphasis added.) The district court found that each defendant knowingly and voluntarily entered into these plea agreements after reviewing their contents.

Both of the defendants' presentence reports (PSRs) applied § 2S1.1(a)(2) in calculating their offense levels.[2] The PSRs noted that the offense level for the underlying offense was impossible or impracticable to determine, so § 2S1.1(a)(2) applied instead of § 2S1.1(a)(1). Campbell's PSR advised an offense level of 27; coupled with a criminal history category of IV, Campbell's Guidelines range was 100–125 months' imprisonment. Campbell did not object to the findings of fact in his PSR or to the calculation of his offense level.

Bailey's PSR calculated his offense level to be 27 as well. It also calculated 14 criminal history points, placing Bailey in category VI. Bailey's PSR awarded one point each to two 1998 misdemeanor convictions. Furthermore, two points were added because Bailey was on supervised release at the time he committed the present offense. *See* U.S.S.G. § 4A1.1(d). Therefore, Bailey's Guidelines range was 130–162 months' imprisonment.

The district court adopted the PSRs' factual findings and the PSRs' recommended application of § 2S1.1(a)(2) after neither party objected on these

---

[2]The PSRs calculated the defendants' offense levels using the money-laundering provisions of the Sentencing Guidelines because Count 2 was "the most serious" Count in that it yielded a higher base offense level than Count 1. *See* U.S.S.G. § 3D1.3(a).

-3-

Appellate Case: 13-1023     Page: 3     Date Filed: 08/22/2014 Entry ID: 4188519

grounds. The district court sentenced Campbell to 92 months' imprisonment on both counts, running concurrently, which was below his Guidelines range. The district court sentenced Bailey to 120 months' imprisonment on Count 1 and 125 months' imprisonment on Count 2, running concurrently. Bailey's sentence was also below the Guidelines range.

## II. *Discussion*

Both Campbell and Bailey argue on appeal that the district court applied § 2S1.1(a)(2) but should have applied § 2S1.1(a)(1) instead in calculating their offense levels. Bailey also contends that the district court miscalculated his criminal history score.

### A. *Application of U.S.S.G. § 2S1.1(a)(2)*

Both defendants argue that the district court erroneously applied § 2S1.1(a)(2) rather than § 2S1.1(a)(1) when calculating their offense levels, despite the parties' stipulation in their plea agreements that the district court should apply § 2S1.1(a)(2). Section 2S1.1 provides, in pertinent part:

> § 2S1.1 Laundering of Monetary Instruments; Engaging in Monetary Transactions in Property Derived from Unlawful Activity
>
> (a) Base Offense Level:
>
> (1) The offense level for the underlying offense from which the laundered funds were derived, if (A) the defendant committed the underlying offense (or would be accountable for the underlying offense under subsection (a)(1)(A) of § 1B1.3 (Relevant Conduct)); and (B) the offense level for that offense can be determined; or
>
> (2) 8 plus the number of offense levels from the table in § 2B1.1 (Theft, Property Destruction, and Fraud) corresponding to the value of the laundered funds, otherwise.

> (b) Specific Offense Characteristics
>
> (1) if (A) subsection (a)(2) applies; and (B) the defendant knew or believed that any of the laundered funds were the proceeds of, or were intended to promote (i) an offense involving the manufacture, importation, or distribution of a controlled substance or a listed chemical; (ii) a crime of violence; or (iii) an offense involving firearms, explosives, national security, or the sexual exploitation of a minor, increase by 6 levels.

In 2001, the Sentencing Commission amended the money-laundering sentencing guidelines "to tie offense levels for money laundering more closely to the underlying conduct that was the source of the criminally derived funds." *United States v. Blackmon*, 557 F.3d 113, 119 (3d Cir. 2009) (quotation, alteration, and citation omitted). To accomplish this goal, the Guidelines distinguish between direct money launderers in § 2S1.1(a)(1) and third-party launderers in § 2S1.1(a)(2). *Id.* A direct launderer commits the crime that produces the illicit funds. *Id.* A third-party launderer has no involvement in the underlying offense but only launders money that the underlying offense generated. *Id.* A party should be sentenced under § 2S1.1(a)(2) only when the underlying offense level cannot be determined, in which case the calculation is determined by the value of the laundered funds. *United States v. Hanna*, 661 F.3d 271, 289 (6th Cir. 2011).

Here, the defendants argue that they should be considered direct launderers under § 2S1.1(a)(1) because they committed the underlying offense and because the base offense level for the underlying offense can be determined. According to the defendants, the parties stipulated to both elements in their plea agreements, pleading guilty to the underlying offense of Count 1 and calculation of Count 1's base offense level. The PSRs instead applied § 2S1.1(a)(2) and used the amount of money stipulated to be involved in the conspiracy ($400,455) to calculate the offense level pursuant to § 2S1.1(a)(2) and the table in U.S.S.G. § 2B1.1. Thus, the defendants

Appellate Case: 13-1023   Page: 5   Date Filed: 08/22/2014 Entry ID: 4188519

contend that the PSRs inconsistently accepted the amount laundered in the plea agreement but rejected the coinciding offense level calculation.

District courts commit procedural error by miscalculating the appropriate sentencing Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). We generally review procedural errors for abuse of discretion. *Id.* However, where a party forfeits a merits review by failing to object, we may, nonetheless, conduct plain error review. For instance, a defendant who does not object to the district court's miscalculation of his Guidelines range may receive plain error review. *See* Fed. R. Crim. P. 52(b); *United States v. Townsend*, 618 F.3d 915, 918 (8th Cir. 2010).

Where, however, a defendant knowingly and voluntarily waives a right, any error is unreviewable on appeal. *United States v. Wisecarver*, 598 F.3d 982, 988 (8th Cir. 2010). In other words, "[a]n erroneous ruling generally does not constitute reversible error when it is invited by the same party who seeks on appeal to have the ruling overturned." *Roth v. Homestake Mining Co. of Cal.*, 74 F.3d 843, 845 (8th Cir. 1996) (citation omitted). Defendants need not propose or independently develop the course of action that they ask the court to pursue, for "[t]he doctrine of invited error applies when the trial court announces its intention to embark on a specific course of action and defense counsel specifically approves of that course of action." *Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 868 (8th Cir. 2011) (quoting *United States v. Jewell*, 614 F.3d 911, 920 (8th Cir. 2010); *United States v. Mahler*, 141 F.3d 811, 815 (8th Cir. 1998)).

We have also stated that the defendant "cannot complain that the district court gave him exactly what his lawyer asked." *United States v. Thompson*, 289 F.3d 524, 526 (8th Cir. 2002). We explained the relevant facts in *Thompson*:

> Thompson's lawyer initially raised eight objections to the PSR, including objections to the three-level enhancement, the drug quantity

Appellate Case: 13-1023   Page: 6   Date Filed: 08/22/2014 Entry ID: 4188519

> determination, and the use of the two felony convictions mentioned above. At the beginning of the sentencing hearing, however, Thompson's lawyer withdrew all eight objections, including the three objections just described. In withdrawing his objections, Thompson's lawyer told the district court they were "more in the form of argument than . . . a dispute over the facts." The district court asked Thompson whether he opposed his lawyer's withdrawal of the eight objections, and Thompson responded, "No, sir." Thompson's lawyer then acquiesced in the guideline range recommended by the PSR and asked the district court "to consider the low end of the range of punishment."

*Id.* We determined that we would not review Thompson's subsequent challenge to his sentence and the PSR because "[t]he plain error standard only applies when a defendant inadvertently fails to raise an objection in the district court." *Id.* In *Thompson*, the defendant did not propose the three-level enhancement, drug quantity, and use of the felony convictions; however, we nonetheless declined to review his sentence for plain error because he agreed that the court could proceed along his suggested course. Whether couched as invited error or more generally as a waiver, the result is the same—this court will not conduct plain-error review. *See United States v. Mariano*, 729 F.3d 874, 880–81 (8th Cir. 2013) (recognizing that an invited error can constitute a waiver that precludes appellate review).

Here, Campbell and Bailey invited any procedural error in the calculation of their offense levels by signing plea agreements that recommended that the district court apply § 2S1.1(a)(2). Their plea agreements explained that "the parties also agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea" and that "the parties recommend that the base offense level is 22 as found in Section 2S1.1(a)(2)." Campbell and Bailey did much more than "inadvertently fail[ ] to raise an objection in the district court," *see Thompson*, 289 F.3d at 526; rather, they prompted the district court to "embark on a specific course of action" that "defense

-7-

counsel specifically approve[d]." *See Matthew*, 639 F.3d at 868.[3] Other circuits have declined plain error review where the defendant pleaded guilty, did not object to the PSR on the appropriate grounds, and asked the court to proceed with the agreed-upon sentencing calculation. *See United States v. Mancera-Perez*, 505 F.3d 1054, 1057 (10th Cir. 2007) ("Because Mancera-Perez did not argue for a shorter sentence in front of the district court, and indeed conceded the appropriateness of his forty-six month sentence, we believe this argument seeks to assert invited error and is waived"); *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) ("Love induced or invited the district court to impose a sentence that included a term of supervised release. In his plea agreement and again at the plea colloquy, he expressly acknowledged the court could impose a term of supervised release of up to five years."). Thus, we decline to review whether the district court erroneously calculated the defendants' offense levels using § 2S1.1(a)(2).

## B. *Bailey's Criminal History Score*

Bailey's PSR assigned him 14 criminal history points, resulting in a criminal history category of VI. Bailey contends that the district court plainly erred in adopting the PSR's recommendation because he should not have received one point for each of two misdemeanors that he committed in 1998. Bailey claims on appeal that he did not meet Campbell until 2009, meaning that he committed these misdemeanors more than ten years before engaging in this conspiracy. He also contends that he should not have received two criminal history points for engaging in the conspiracy while on supervised release. Bailey argues that his supervised release had expired in 2009 by the time that he met Campbell. Bailey, arguing for plain error review, acknowledges that he did not object on these grounds before the district court. *See United States v. Stokes*, 750 F.3d 767, 771 (8th Cir. 2014). "To establish plain error, [a defendant]

---

[3]The record in this case does not reflect which party drafted the plea agreements that Campbell and Bailey signed; however, we determine that the authorship of the plea agreements is of no consequence because Campbell and Bailey agreed to the plea agreements and presented them to the district court.

-8-

Appellate Case: 13-1023    Page: 8    Date Filed: 08/22/2014 Entry ID: 4188519

must prove (1) there was error, (2) the error was plain, and (3) the error affected his substantial rights." *Id.* (quotation and citations omitted).

U.S.S.G. § 4A1.1(c) provides that one point is added to a criminal history score for prior sentences where the defendant was imprisoned for less than 60 days. Application Note 3 to § 4A1.1 explains that "[a] sentence imposed more than ten years prior to the defendant's commencement of the instant offense is not counted." Additionally, § 4A1.1(d) requires an additional two criminal history points if the defendant committed the offense while on supervised release.

We reject Bailey's arguments. Bailey stipulated to the following in his plea agreement: "Defendant BAILEY further admits that he and co-defendant Steven CAMPBELL distributed steroids, HGH and/or other controlled substances to others known and unknown throughout the Eastern District of Missouri at various times during the time period of June 2007 and June 2012." Bailey never objected to this fact before the district court, so the district court properly adopted that fact as true. *See United States v. Pepper*, 747 F.3d 520, 523 (8th Cir. 2014) ("[U]nless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." (quotation and citations omitted)). Thus, the district court properly concluded that Bailey participated in the conspiracy beginning in 2007. Consequently, he properly received criminal history points for his 1998 misdemeanor convictions and for commencing the current offense while on supervised release.[4]

### III. *Conclusion*

We affirm the judgment of the district court.

_____

---

[4] Bailey states in his brief that, if we were to remand for resentencing, he would object to his status as a career offender. Because we do not remand for resentencing, and because his career offender status does not affect his Guidelines calculation, we decline to address whether Bailey is a career offender.

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

August 22, 2014

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

     RE: 13-1023  United States v. Steven Campbell
           13-1069  United States v. John Bailey

Dear Sirs:

     A published opinion was filed today in the above case.

     Counsel who presented argument on behalf of both appellants and filed a brief for appellant Bailey was Kim C Freter, of Clayton, MO. Michael Gross of St. Louis, MO, filed a brief on behalf of appellant Campbell.

     Counsel who filed a brief and presented argument on behalf of the appellee was Jennifer Winfield, AUSA, of Saint Louis, MO.

     The judge who heard the cases in the district court was Honorable Carol E. Jackson. The judgments of the district court were entered on December 18, 2012.

     If you have any questions concerning this case, please call this office.

                                 Michael E. Gans
                                 Clerk of Court

SRD

Enclosure(s)

cc:  Lois Law
      MO Lawyers Weekly

        District Court/Agency Case Number(s):  4:12-cr-00251-CEJ-1
                                                             4:12-cr-00251-CEJ-2

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

August 22, 2014

Ms. Kim C Freter
Suite 301
225 S. Meramec
Clayton, MO  63105

      RE:  13-1023  United States v. Steven Campbell
            13-1069  United States v. John Bailey

Dear Counsel:

      The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

      Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

                                                       Michael E. Gans
                                                       Clerk of Court

SRD

Enclosure(s)

cc:    Mr. John Thomas Bailey
        Mr. Steven C. Campbell
        Mr. Michael Gross
        Mr. Gregory J. Linhares
        Ms. Jennifer Winfield
        Mr. Tom Yarbrough

        District Court/Agency Case Number(s):  4:12-cr-00251-CEJ-1
                                                           4:12-cr-00251-CEJ-2