THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN THOMAS BAILEY )
BOP No. 29511-044 )
FTC Oklahoma City )
741- S. MacArther Blvd. )
Oklahoma City, OK 73169 )
)
        Petitioner )
)
vs. ) No.
)
UNITED STATES OF AMERICA, )
)
        Respondent )

PETITION PURSUANT TO 28 U.S.C. § 2255
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN FEDERAL CUSTODY

Petitioner John Thomas Bailey states:

1. This Motion is filed pursuant to 28 U.S.C §2255 to challenge the sentence imposed as part of a judgment of conviction in the US District Court for the Eastern District of Missouri in Cause No 4:12CR00251 (CEJ). The Court is located at 111 South Tenth Street, St. Louis, Missouri 63102.

2. The judgment of conviction and sentencing was on December 18, 2012.

3. The length of the sentence imposed was a 120 months term of imprisonment on count one and 125 month term of imprisonment on count two running concurrently. The term of imprisonment is to be followed by 2-year term of supervised release, a Special Assessment of $200 and forfeiture of various property.

4. The offenses of conviction were conspiracy to possess anabolic steroids with the intent to distribute controlled substance and conspiracy to commit money laundering under 21 U.S.C. §§841(a)(1), 841(b), and 846 and 18 U.S.C. §§1956(h).

5. Guilty pleas were entered for both charges.

6. There was no trial.

7. Mr. Bailey did not testify at a pretrial hearing, trial, or post-trial hearing.

8. There was an appeal from the judgment of conviction and sentence.

9. The appeal was directed to the United States Court of Appeals for the Eighth Circuit as United States of America v. John Thomas Bailey, Cause No. 13-1069. The Court of Appeals denied the appeal in a judgment filed on August 22, 2014. The citation for that opinion is *United States v. Bailey*, 764 F.3d 874 (8th Cir. 2014). The following issues were raised in the appeal:

a. Whether the District Court had committed plain error in imposing a sentence calculated pursuant to U.S.G.G. §2S1.1(a)(2) rather than §2S.1.1(a)(1).

b. Whether the District Court had committed error in calculating Mr. Bailey's criminal history score.

No petition for a writ of certiorari in the United States Supreme Court was filed.

10. – 11. Other than direct appeal, no other motions, petitions, or applications concerning this judgment of conviction have been filed in any court.

12. Mr. Bailey believes his detention under its present terms in in violation of the Constitution and the laws of the United States for the following reasons:

**Ground One** – Mr. Bailey is currently serving a sentence that is miscalculated under the United States Sentencing Guidelines ("U.S.S.G.").

**Supporting Facts** - Mr. Bailey's negotiated plea agreement stipulated that the quantity of anabolic steroids attributable to the drug conspiracy was between 1 and 2.5 kg and that the amount of money involved was $400,455. Mr. Bailey's sentences were improperly negotiated, calculated, and imposed under U.S.S.G. §2S1.1(a)(2) rather than §2S1.1(a)(1). Mr. Bailey's sentence and judgment should be properly calculated under U.S.S.G. §2S1.1(a)(1) beginning with a determination of the offense level from which the laundered funds were derived. Had the base level offense been properly calculated, Mr. Bailey would have received a significant benefit in the determination of his guideline sentencing range. Mr. Bailey raised the issue of the improperly calculated guideline in his direct appeal. The Court of Appeals denied Mr. Bailey relief finding that plea counsel failed to timely raise the issue in the District Court. The Court of Appeals declined to review the erroneously calculated guideline and instead held that plea counsel had waived the issue and invited the complained of error. Mr. Bailey contends that his current sentence as calculated under §2S1.1(a)(2) is erroneous and he remains detained under an unlawful sentence.

**Ground Two** – Mr. Bailey's Pre-Sentence Report ("PSR") erroneously determined the Chapter Four enhancement for Career Offender

**Supporting Facts** – Mr. Bailey's PSR found at Paragraph 35 that he was a career offender based on him two prior felony convictions for either a crime of violence or a controlled substance offense. The PSR found that Mr. Bailey had State of Missouri

convictions for Unlawful Use of a Weapon (Exhibiting) in Cause CR392-2176FX and Assault in the 2nd Degree in Cause CR693-262FX. The PSR further found that Mr. Bailey's adjusted offense level was greater than the offense level for a Career Offender and applied the adjusted offense level. Plea counsel did not object to the PSR's finding of Career Offender. The District Court did not make a specific finding regarding Mr. Bailey as a Career Offender, presumably because the adjusted offense level was determined to be the applicable guideline. Mr. Bailey's conviction for Assault 2nd degree was for acting recklessly under §565.060 RSMo. and therefore it does not qualify as a crime of violence under §4B1.1. Mr. Bailey did not raise the Career Offender guideline on direct appeal because he had not been sentenced under its provisions and the issue was therefore not justiciable at that time. Mr. Bailey contends that should the District Court grant him re-sentencing under Ground One of this Petition that the Career Offender finding made in the PSR at paragraph 35 is in error and should not be applied.

13. Mr. Bailey has not previously commenced or participated in any proceeding in federal court relative to these claims except in the District Court and Court of Appeals proceedings as described in this motion.

14. Mr. Baily has no motion, petition, or appeal seeking any relief no pending in any other court.

15. Mr. Bailey was represented by the following attorneys at various stages of the case at issue in this petition:

a. At all proceedings in the District Court:

Bradford Kessler and Nicholas Williams

Kessler & Williams, PC
1520 Washington Ave, Ste. 226
St. Louis, MO 63103
(314) 863-6363

b. At all proceedings in the Court of Appeals:

Kim C. Freter
Attorney at Law
225 S. Meramec, Ste 301
Clayton, MO 63105
(314) 721-6565

16. Mr. Bailey was sentenced on both counts of the Indictment at the same time.

17. Mr. Bailey has no future sentence to serve after the completion of the sentences challenged in this Motion.

18. This Motion has been filed within one year after the judgment of conviction became final under 28 U.S.C. §2255 and is therefore timely. Mr. Bailey was sentenced on December 18, 2012 and thereafter timely appealed. The Court of Appeals entered its judgment on August 22, 2014.

WHEREFORE Mr. Bailey requests that the Court vacate the sentences previously imposed upon him and correct the sentence and judgment by imposing a new sentence by determining and considering the applicable Sentencing Guidelines relative to the crimes charged and his lack of status as a Career Offender.

Respectfully Submitted,

/s/ Kim C Freter
Kim C. Freter #47777MO
Attorney at Law
225 S. Meramec, Ste 301
Clayton, Missouri 63105
Telephone: (314) 721-6565
Facsimile: (314) 269-1042
kim@freterlaw.com

Attorney for Petitioner John Thomas Bailey

CERTIFICATE OF SERVICE

I hereby certify that on the 13th____ day of February 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/__Kim C Freter