UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN C. CAMPBELL, | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:15-CV-187 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER VACATING SENTENCE

Before the court is the amended motion of Steven C. Campbell to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States has filed a response.

Campbell pled guilty to conspiracy to possess anabolic steroids with intent to distribute (Count I), in violation of 21 U.S.C. §§ 841(a)(1), 841(b) and 846, and conspiracy to commit money laundering (Count II), in violation of 18 U.S.C. § 1956(h). At sentencing, the court adopted the factual statements and the recommended sentencing guidelines contained in the presentence report, and determined that the applicable guideline range was 100 to 125 months. After departing downward, the court imposed a sentence of 92 months' imprisonment on each count, to run concurrently. The judgment was affirmed on appeal. United States v. Campbell, 764 F.3d 874 (8th Cir. 2014).

After reviewing the court of appeals' opinion, it became apparent to the court that the guidelines determination—which the government and the defendant agreed to—was premised on errors of fact and law. Specifically, the parties agreed to an

incorrect drug quantity calculation and to the application of an incorrect sentencing guideline. These errors were not corrected in the presentence report and, as a result, they were factored into the sentence that the court imposed. That these errors were made is not disputed by the parties. Moreover, even the court of appeals implicitly recognized that the application of U.S.S.G. § 2S1.1(a)(2) as opposed to § 2S1.1(a)(1) may have been erroneous. Id. at 879 ("Here, Campbell and Bailey invited any procedural error in the calculation of their offense levels by signing plea agreements that recommended that the district court apply § 2S1.1(a)(2).").

As the sole ground for his motion to vacate, Campbell asserts that he was denied effective assistance of counsel. *See* Strickland v. Washington, 466 U.S. 668, 687, 690 (1984). To prevail on this claim, Campbell must identify specific acts or omissions of counsel that were not the result of reasonable professional judgment and must demonstrate that he was prejudiced. It is undisputed that Campbell was advised to accept a plea agreement that was based on an erroneous application of the sentencing guidelines and that no objection was made to the same errors that appeared in the presentence report. Further, it is undisputed that Campbell was prejudiced in that the sentence imposed was based on an incorrect calculation of the guideline range. Therefore, Campbell is entitled to relief under § 2255.

Section 2255(b) provides that upon determining that a prisoner is entitled to relief, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may be appropriate." 28 U.S.C. § 2255(b). Here, Campbell requests that his sentence be vacated and that he be resentenced in accordance with the applicable sentencing guidelines. The court believes it is appropriate to grant these requests.

Accordingly,

**IT IS HEREBY ORDERED** that the amended motion of Steven C. Campbell to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. # 3] is **granted**.

**IT IS FURTHER ORDERED** that the judgment entered on December 18, 2012 in Case No. 4:12-CR-251 (CEJ) is **vacated**.

**IT IS FURTHER ORDERED** that movant Steven C. Campbell shall be presented to the court for resentencing on **Friday, March 27, 2015, at 9:30 a.m.**

**IT IS FURTHER ORDERED** that the United States Marshals Service shall promptly transport movant Steven C. Campbell, in custody, from his current place of confinement to this court for resentencing.

**IT IS FURTHER ORDERED** that movant's original motion to vacate, set aside, or correct sentence [Doc. # 1] is **moot.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of February, 2015.