UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN THOMAS BAILEY,  )
       Movant,  )
         )
       v.  )  No.  4:15-CV-304 (CEJ)
         )
UNITED STATES OF AMERICA,  )
         )
       Respondent.  )

## ORDER VACATING SENTENCE

Before the court is the motion of John Thomas Bailey to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  The United States has filed a response.

Bailey pled guilty to conspiracy to possess anabolic steroids with intent to distribute (Count I), in violation of 21 U.S.C. §§ 841(a)(1), 841(b) and 846, and conspiracy to commit money laundering (Count II), in violation of 18 U.S.C. § 1956(h). At sentencing, the court adopted the factual statements and the recommended sentencing guidelines contained in the presentence report, and  determined that the applicable guideline range was 130 to 162 months.  After departing downward, the court imposed a sentence of 125 months' imprisonment on each count, to run concurrently.  The judgment was affirmed on appeal.  United States v. Campbell, 764 F.3d 874 (8th Cir. 2014).

After reviewing the court of appeals' opinion, it became apparent to the court that the guidelines determination—which the government and the defendant agreed to—was premised on errors of fact and law.  Specifically, the parties agreed to an

incorrect drug quantity calculation and to the application of an incorrect sentencing guideline. These errors were not corrected in the presentence report and, as a result, they were factored into the sentence that the court imposed. That these errors were made is not disputed by the parties. Moreover, even the court of appeals implicitly recognized that the application of U.S.S.G. § 2S1.1(a)(2) as opposed to § 2S1.1(a)(1) may have been erroneous. Id. at 879 ("Here, Campbell and Bailey invited any procedural error in the calculation of their offense levels by signing plea agreements that recommended that the district court apply § 2S1.1(a)(2).").

As grounds for his motion to vacate, Bailey claims (1) that his sentence resulted from a miscalculation of the sentencing guidelines and (2) that the court erred in determining that he was a career offender. The first claim was presented on appeal and rejected. A motion under § 2255 is not a vehicle for relitigating claims that were decided on direct appeal. Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) [*citing* United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981)]. Further, a claim of error in calculating the sentencing guidelines is not cognizable in a § 2255 proceeding. Auman v. United States, 67 F.3d 157, 161-162 (8th Cir. 1995) (claim that court erred in sentencing movant as a career offender not cognizable under § 2255).

Although Bailey does not specifically assert a claim of ineffective assistance of counsel, he points out that his counsel's failure to challenge the erroneous guidelines proved fatal to his appeal. To prevail on an ineffective assistance claim, a movant must identify specific acts or omissions of counsel that were not the result of reasonable professional judgment and must demonstrate that he was prejudiced. Strickland v. Washington, 466 U.S. 668, 687, 690 (1984). Here, it is undisputed that Bailey was advised to accept a plea agreement that was based on an erroneous

application of the sentencing guidelines and that no objection was made to the same errors that appeared in the presentence report.  Further, it is undisputed that Bailey was prejudiced in that the sentence imposed was based on an incorrect calculation of the guideline range.  Despite his inartful pleading, the court finds that Bailey is entitled to relief under § 2255.

Section 2255(b) provides that upon determining that a prisoner is entitled to relief, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may be appropriate." 28 U.S.C. § 2255(b).  Here, Bailey requests that his sentence be vacated and that he be resentenced in accordance with the applicable sentencing guidelines.  The court believes it is appropriate to grant these requests.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of John Thomas Bailey to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. # 1] is **granted**.

**IT IS FURTHER ORDERED** that the judgment entered on December 18, 2012 in Case No. 4:12-CR-251 (CEJ) is **vacated**.

**IT IS FURTHER ORDERED** that movant John Thomas Bailey shall be presented to the court for resentencing on **Friday, March 27, 2015, at 9:30 a.m.**

**IT IS FURTHER ORDERED** that the United States Marshals Service shall promptly transport movant John Thomas Bailey, in custody, from his current place of confinement to this court for resentencing.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of February, 2015.